Filed 10/10/25  P. v. Gomez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO GOMEZ,<br><br>Defendant and Appellant. | B340268<br><br>(Los Angeles County<br>Super. Ct. No. LA021985) |

Pedro Gomez (defendant) appeals from the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (formerly section 1170.95).[2]  Defendant's attorney

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we will refer to the section by its new numbering only.

filed a brief raising no issues and asked this court to independently review the record. Defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id*. at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I. **Facts[3]**

A. ***The underlying crime***

In August 1995, defendant and approximately seven other members of the 18th Street gang encountered five rival Clanton gang members at a carnival in North Hollywood. A fight ensued as each group attempted to claim the territory as their own. Defendant knelt down, pulled a gun from his shoe, and fired a single shot at the rival group. The shot struck David Morrison in the chest, fatally wounding him.

B. ***Conviction and appeal***

The People charged defendant with murder (§ 187), and further alleged that he personally used a firearm (§ 12022.5, subd. (a)) and that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)).

As relevant here, defendant's jury was instructed on murder (CALJIC No. 8.10), second degree murder (CALJIC Nos.

---

[3] We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction (*People v. Gomez* (Nov. 21, 1997, B109248) [nonpub. opn.]), but we do not rely on these facts for our analysis or disposition here (see § 1172.6, subd. (d)(3)).

8.30, 8.31), and express and implied malice (CALJIC No. 8.11). The jury was not instructed on the principles of aiding and abetting liability, felony murder, or the natural and probable consequences doctrine.

The jury convicted defendant of second degree murder and found the firearm enhancement true.

The trial court imposed a prison sentence of 19 years to life in state prison, comprised of a term of 15 years to life for the murder conviction, plus a four-year enhancement term for the firearm use.

A different panel of this court affirmed the judgment on direct appeal.

## II. Procedural Background

On September 17, 2020, defendant filed a petition seeking resentencing under section 1172.6, checking the boxes alleging that he had been "convicted of . . . 2nd degree murder" pursuant to "the felony murder rule or the natural and probable consequences doctrine" and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The trial court appointed counsel for defendant. The People filed an opposition and attached the reporter's transcript of the jury trial, and jury instructions. Defendant filed a reply to the People's opposition. The People filed an updated response and defendant filed a reply.

On June 26, 2024, the trial court held a hearing on defendant's petition and denied it.[4] The court found defendant had not demonstrated a prima facie case that he qualified for

---

[4] On March 7, 2024, the trial court held a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) and denied defendant's request to replace his appointed counsel.

3

relief under the statute because he was convicted as the actual perpetrator.

Defendant filed this timely appeal.

## DISCUSSION

Section 1172.6 is the procedural vehicle by which persons convicted of attempted murder in now-final judgments can seek to vacate convictions that do not satisfy the currently permissible theories for homicide liability. (§ 1172.6, subd. (a).) In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask "'"whether the petitioner would be entitled to relief if [those] allegations were proved."'" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

Here, the trial court properly determined that defendant did not establish a prima facie entitlement to relief under section 1172.6. The jury necessarily found that defendant personally harbored the intent to kill based on the jury instructions given. (E.g., *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.) The instructions required a finding of intent to kill as an element of murder and premeditation. Conversely, the jury was never instructed on a theory by which defendant was *not* the actual killer and hence was *not* the person acting with the intent to kill: There was no instruction on direct aiding and abetting, no instruction on felony murder, and no instruction on the natural and probable consequences doctrine.

4

On July 7, 2025, defendant filed an eight-page supplemental brief. First, he argues that his appointed counsel in the section 1172.6 proceedings was constitutionally ineffective because he was "dishonest" with the court and with defendant, but the trial court held a *Marsden* hearing and determined that defendant was adequately represented by counsel. Second, he argues that his counsel was ineffective for not ensuring defendant "was present in court during [his section 1172.6] hearings," but the record indicates that defendant was present or appeared via Webex at all substantive hearings. Third, defendant argues that his counsel was ineffective for not informing him of his appellate rights and not filing a notice of appeal, but any ineffectiveness was not prejudicial because defendant himself filed a timely notice of appeal. (*Strickland v. Washington* (1984) 466 U.S. 668, 694.) Fourth and lastly, defendant argues that his counsel was ineffective for not challenging various errors that occurred during trial, but a section 1172.6 petition is not a vehicle for challenging trial errors. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. Burns* (2023) 95 Cal.App.5th 862, 865.)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>


_____, P. J.

HOFFSTADT

5

We concur:

_____, J.
MOOR


_____, J.
KIM (D.)